

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ROBERT ALEXANDER
Vs.
SAFEWAY, INC.

C.A. No. 2014 CA 006088 B

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge LAURA A CORDERO
Date: September 26, 2014
Initial Conference: 9:30 am, Friday, January 09, 2015
Location: Courtroom A-50
515 5th Street N.W.
WASHINGTON, DC 20001


EXHIBIT 1

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

ROBERT ALEXANDER
_____
Plaintiff

vs.                                              Case Number **14-0006088**

SAFEWAY, INC.
_____
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| John J. Matteo | *Clerk of the Court* |
|---|---|
| Name of Plaintiff's Attorney | |
| 1120 20th Street, NW, Suite 300S | By _Atrina R Redmond_ |
| Address | Deputy Clerk |
| Washington, DC 20036 | |
| (202) 457-5457 | Date  09/26/14 |
| Telephone | |

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante
contra

Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____
Subsecretario

_____
Dirección

_____

Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 전화주십시요    ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ROBERT ALEXANDER,
1715 19th Street NW # 2
Washington, DC 20009

    Plaintiff,

v.

SAFEWAY, INC.,
1701 Corcoran Street, NW
Washington, DC

SERVE: United States Corporation Company
1090 Vermont Avenue, NW
Washington, DC 20005

    Defendant.

14-0006088

Case No.:

RECEIVED
Civil Clerk's Office
SEP 2 6 2014
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

Plaintiff Robert Alexander, by undersigned counsel, pursuant to District of Columbia Superior Court Rules of Civil Procedure Rule 8, hereby brings this complaint against Safeway and states as follows:

### PARTIES

1. Upon information and belief, Robert Alexander is an adult resident of the District of Columbia. During all relevant times herein, Mr. Alexander has resided at 1715 19th Street NW # 2, Washington, DC 20009.

2859055v.1

## JURISDICTION

2. Jurisdiction is appropriate in this Court pursuant to D.C. Code § 13-423 because at all times relevant hereto Safeway transacted business in the District of Columbia which subjects it to the jurisdiction of this Court.

## FACTUAL BACKGROUND

3. Mr. Alexander was assaulted on September 29, 2013 at the Safeway located at 1701 Corcoran St. NW.

4. He was assaulted by a Safeway employee, Luther Moore, a deli counter worker, who fled the scene after the incident.

5. Mr. Alexander was taken by ambulance to Georgetown Hospital, where he was treated by two doctors, and received 7 stitches in his right eyebrow.

6. Mr. Alexander suffered numerous injuries, including:

   i. the right eyebrow (as well as a bruised and bloody right eyesocket);

   ii. harm to his right upper cheekbone, the right side of his head (behind his ear), his left temple and ear;

   iii. his left jaw and the teeth in the left side of his mouth were injured;

   iv. a sprained left thumb and wrist;

   v. a sprained right wrist;

   vi. a scuffed right knee;

   vii. a stiff, whiplash-type strained neck and shoulders;

   viii. soreness, strain, and stiffness in both hips and his lower back; and

   ix. severe emotional distress which continues to the present time.

2

7. At the scene, the store manager, Don Loschiavo, spoke with the police, provided his card to Mr. Alexander, and called Mr. Alexander three days later to see how he was doing.

8. A second manager also spoke to Mr. Alexander at the scene when he went to report the argument at the deli, and stated "Oh no – not him….." referring to Mr. Moore.

9. Mr. Alexander was also contacted by Kevin Budd, the Safeway District Corporate Investigator two days after the assault. Mr. Budd told Mr. Alexander that risk management had been notified, and that corporate management in California was involved and everyone was taking the matter very seriously.

10. Jackson and Campbell sent a letter to Safeway dated October 29, 2013, advising them that we have been retained on Mr. Alexander's behalf and requesting a copy of all files relating to the incident.

11. To date, no such file has been shared.

12. To date, Safeway has not acknowledged its responsibilities to pay Mr. Alexander's medical expenses.

## COUNT I – NEGLIGENT HIRING AND SUPERVISION

13. Mr. Alexander incorporates and realleges the allegations contained in paragraphs 1 through 12 above.

14. Safeway hired Mr. Moore to work as an employee behind their deli counter.

15. Upon information and belief, Mr. Moore was part of other negative incidents at the Safeway before he assaulted Plaintiff.

16. Safeway knew or should have known that Mr. Moore was unfit to work behind the deli counter, and posed a risk to their customers.

3

2859055v.1

17. Safeway's decision to allow Mr. Moore to interact with customers behind the deli counter resulted in an unreasonable risk of harm to Safeway customers.

18. Mr. Alexander was injured as a result of Safeway's negligent hiring and supervision of Mr. Moore.

Wherefore, Mr. Alexander respectfully requests that the Court enter judgment for it and against Safeway for all amounts sought by Mr. Alexander for his medical expenses, pain, and suffering, and for all such other relief as this Court finds just and appropriate, including lost wages or earnings and opportunities.

## COUNT II – VICARIOUS LIABILITY

19. Mr. Alexander incorporates and realleges the allegations contained in paragraphs 1 through 18 above.

20. At the time when Mr. Moore assaulted Mr. Alexander, he was an employee at Safeway.

21. The assault arose out of an argument between Mr. Moore and Mr. Alexander regarding Mr. Moore's performance of his duties behind the deli counter, where he worked for Defendant.

22. The argument, regarding the quality of the meat and cleanliness of the deli counter, escalated to the point where Mr. Moore swore at Plaintiff, then went outside to wait for him and assault him.

23. Safeway is liable for Mr. Alexander's injuries, as the assault and battery arose out of Mr. Moore's performance of his duties on behalf of Safeway.

Wherefore, Plaintiff respectfully requests that the Court enter judgment for it and against Safeway for all amounts sought by Mr. Alexander for his medical expenses, pain, and suffering,

4

and for all such other relief as this Court finds just and appropriate including lost wages or earnings and opportunities.

### **COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

24. Mr. Alexander incorporates and realleges the allegations contained in paragraphs 1 through 23 above.

25. At the time when Mr. Moore assaulted Mr. Alexander, he was employed by Safeway.

26. Upon information and belief, Safeway was aware that Mr. Moore might be violent or otherwise engage in negative exchanges with the customers and fellow employees.

27. Safeway placed Mr. Moore behind the deli counter, irrespective of the knowledge that he was dangerous.

28. Safeway's actions put Mr. Alexander in physical danger when he went into Safeway to shop for his groceries.

29. Mr. Alexander was in fact, brutally assaulted by Mr. Moore, which has caused him numerous physical injuries.

30. Because of the assault and battery inflicted on Plaintiff by Safeway employee Mr. Moore, Mr. Alexander suffers real, serious, and verifiable emotional distress, in addition to all of the physical injuries he suffered.

31. Alternatively, Safeway has an obligation to its customers to provide a safe shopping place where guests will not be assaulted by employees.

32. Being assaulted by an employee of a store and sustaining serious physical injuries is likely to cause severe emotional distress in any victim.

33. Had Safeway properly vetted and supervised their employees, Mr. Alexander would not have been assaulted by Mr. Moore and therefore would not be suffering from severe emotional distress.

Wherefore, Plaintiff respectfully requests that the Court enter judgment for it and against Safeway for all amounts sought by Mr. Alexander for his extreme emotional distress, and for all such other relief as this Court finds just and appropriate including lost wages or earnings and opportunities.

## JURY TRIAL DEMAND

Mr. Alexander demands a jury trial on all issues so triable.

Dated: September 26, 2014                Respectfully submitted,

JACKSON & CAMPBELL, P.C.

_____
John J. Matteo (DC Bar #402703)
Julie S. Selesnick (DC Bar #485558)
1120 20th Street NW
South Tower, Suite 300
Telephone: (202) 457-1600
Fax:  (202) 457-1678
Email: jmatteo@jackscamp.com
Email: jselesnick@jackscamp.com
*Counsel for Robert Alexander*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

ROBERT ALEXANDER

vs

SAFEWAY, INC.

Case Number: _____

Date: September 26, 2014

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* John J. Matteo | Relationship to Lawsuit |
|---|---|
| Firm Name: Jackson & Campbell, P.C. | ☒ Attorney for Plaintiff |
| Telephone No.: (202) 457-1600    Six digit Unified Bar No.: 402703 | ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $ Not less than $250,000.00    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____    Judge: _____    Calendar #: _____

Case No.: _____    Judge: _____    Calendar#: _____

---

NATURE OF SUIT:    *(Check One Box Only)*

### A. CONTRACTS

| | | COLLECTION CASES |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Pltf. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 Pltf. Grants Consent |
| ☐ 15 Special Education Fees | ☐ 13 Employment Discrimination | ☐ 18 OVER $25,000 Consent Denied |
| ☐ 10 Mortgage Foreclosure | | |

### B. PROPERTY TORTS

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102 (a) | | |

### C. PERSONAL TORTS

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury- (Not Automobile, Not Malpractice) |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy | ☐ 18 Wrongful Death (Not Malpractice) |
| ☐ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 19 Wrongful Eviction |
| ☐ 04 Automobile- Personal Injury | ☐ 12 Malicious Interference | ☐ 20 Friendly Suit |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 21 Asbestos |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 22 Toxic/Mass Torts |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including Wrongful Death) | ☐ 23 Tobacco |
| ☐ 08 Fraud | ☒ 16 Negligence- (Not Automobile, Not Malpractice) | ☐ 24 Lead Paint |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation Over $25,000 Consent Denied

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_____
Attorney's Signature

_____9-26-14_____
Date